IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| J.J., *through his parent and Next Friend, I.H.*, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 2:23-cv-04044-MDH |
| ) | |
| **COLUMBIA PUBLIC SCHOOLS,** ) | |
| et al., ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court is defendants Columbia Public Schools, Brian Yearwood, and John White's Motion to Dismiss Plaintiff's Amended Complaint and Alternative Motion to Strike. (Doc. 12). The motion is ripe for review.

## BACKGROUND

Plaintiff J.J., a student at Rock Bridge High School, filed a seven-count Amended Complaint against the Columbia Public Schools (the "District"), the District's Superintendent, Brian Yearwood ("Yearwood"), the District's Director of Safety and Security, John White ("White"), and former Rock Bridge High School Assistant Coordinator of Safety and Security, Kevin Keith ("Keith"). Plaintiff's Amended Complaint alleges that his constitutional rights were violated when Keith seized, physically restrained, and used excessive force against him at Rock Bridge High School. Plaintiff alleges both physical and emotional damages from the incident.

Counts I through IV of Plaintiff's Complaint are claims against defendant Keith, alleging unconstitutional seizure pursuant to 42 U.S.C. §1983 ("§1983"), excessive force pursuant to §1983, battery, and negligence. Keith has filed an Answer to the Amended Complaint.

1

Count V alleges negligent failure to train against defendants Yearwood and White. Count VI alleges failure to train/supervise pursuant to §1983 against defendants Yearwood and White. Finally, Count VII alleges a claim of unconstitutional custom or practice pursuant to §1983 against the District. Defendants Yearwood and White have been sued in both their individual and official capacities.

Defendants moves to dismiss Plaintiff's claims arguing the claims are barred by the Paul D. Coverdell Teacher Protection Act of 2001, official immunity, and sovereign immunity. In addition, Defendants argue Plaintiff has failed to plead a § 1983 claim for failure to train/supervise and that any punitive damages relief should be dismissed.

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss a Complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, the Complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001)(citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Van Sharp v. Power Line Consultants*, LLC, No. 1:08CV76 CDP, 2008 WL 4596152, at *1 (E.D. Mo. Oct. 14, 2008).

## DISCUSSION

To begin, Plaintiff "concedes that defendants Yearwood and White are immune from liability as to Count V and that punitive damages are not recoverable against the District in Count

VII." (Doc. 20). As a result, the Court finds Count V against Defendants Yearwood and White is dismissed and the claim for punitive damages against the District is also dismissed.

Defendants next move to dismiss Count VI. Plaintiff alleges defendants Yearwood and White, both in their individual and official capacities, failed to train and/or supervise Keith causing a deprivation of Plaintiff's Fourth Amendment Rights. Defendants move to dismiss this claim arguing that the official capacity claim is a claim against the District.

To state a claim under § 1983, plaintiff must plead that a government official has personally violated his constitutional rights. *Elder v. Gillespie*, 54 F.4th 1055, 1065 (8th Cir. 2022). The doctrine of *respondeat superior* does not apply to § 1983 cases, however a supervisor may still be found liable under § 1983 if either their direct actions or their failure to properly supervise and train the offending employee caused the constitutional violation at issue. *Id.* A supervisor may be found to be involved if they played a role in creating, applying, or interpreting a policy that gives rise to unconstitutional conditions. *Id.* Further, a supervisor may be liable for the actions of their subordinates if: 1) they had 'notice of a pattern of unconstitutional acts committed by subordinates'; (2) they were deliberately indifferent to or tacitly authorized those acts; and (3) they failed to take 'sufficient remedial action'; (4) proximately causing injury to" the plaintiffs. *Sturgeon v. Faughn*, 36 F.4th 804, 809 (8th Cir. 2022).

Here, for purposes of the motion to dismiss, Plaintiff has alleged enough to plead a claim pursuant to § 1983. While the Court does not make any ruling on whether Plaintiff may ultimately prevail on his claim, he has alleged several facts that if taken as true for purposes of this motion allow his claims to proceed. For example, Plaintiff alleges and argues that that CPS employees

have a practice of unconstitutional seizures of students,[1] that Defendants had notice of a history of Keith exceeding his authority and violating policies in the way he interacted with students as law enforcement and not as an educator, that Defendants were deliberately indifferent to the "seizures" of students, that the wrongful conduct was reported by media and in other lawsuits, that Defendants failed to train, that Defendants urged the District to have more armed police officers in the hallways, and other allegations that claim § 1983 violations. The Court makes no finding as to whether any such alleged facts may be proven or even admissible based on their similarities to the allegations in this complaint. Through discovery the parties will be able to submit evidence, or the lack thereof, regarding whether there is evidence to support a § 1983 claim. However, at this time the Court finds the allegations are enough to survive a motion to dismiss. As Plaintiff acknowledges in the briefing – "[w]hether Keith acted that way because he received inadequate training or because he simply ignored his training altogether is not something any plaintiff could allege with any specificity prior to discovery."

Count VII alleges that the District has an unconstitutional custom or practice of seizing students within the meaning of the Fourth and Fourteenth Amendments without probable cause, a warrant, or exigent circumstances. "A municipality cannot be held liable under § 1983 solely because it employs a tortfeasor." See *Bolderson v. City of Wentzville, Missouri*, 840 F.3d 982, 985 (8th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). The District can only be held liable for a constitutional violation if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee. *Id.* (internal citation omitted). The determination of

---

[1] For example, Plaintiff alleges "employees have a practice of physically retraining students and isolating them in confined spaces as a form of discipline."

whether a custom is continuing, widespread, or persistent is "highly fact specific." See *Naes v. City of St. Louis*, 2020 WL 6044356, at *6 (E.D. Mo. Oct. 13, 2020). In order to establish a pattern, the other misconduct must "be very similar to the conduct giving rise to liability." See *McGuire v. Cooper*, 952 F.3d 918, 923 (8th Cir. 2020). "[T]he pattern of unconstitutional conduct must be so pervasive and widespread so 'as to have the effect and force of law.'" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1075 (8th Cir. 1996)).

Here, the Court again finds Plaintiff has pled enough to survive a motion to dismiss. Defendants argue that Plaintiff's claim misses "fact specific" information regarding the other complaints against the District. Plaintiff must establish that the other misconduct is very similar to the conduct giving rise to the liability. Plaintiff must also establish that the conduct is pervasive and widespread. The Court does not disagree that Plaintiff has a high burden to establish conduct that constitutes a widespread, persistent pattern of unconstitutional conduct as it relates to the allegations raised in the Complaint. Plaintiff must establish that the other alleged misconduct is very similar to the conduct giving rise to the alleged liability. However, the determination of this claim is fact specific. As a result, the Court finds Plaintiff has alleged enough to survive a motion to dismiss. Whether Plaintiff may ultimately prevail on this claim will be determined after further evidence is discovered.

## CONCLUSION

Wherefore, for the reasons set forth herein, Defendants' Motion is **Granted In Part And Denied In Part**. Count V against defendants Yearwood and White are dismissed. Plaintiff's claim for punitive damages against the District in Count VII is dismissed.

5

**IT IS SO ORDERED.**

DATED: June 6, 2023

                                                 */s/ Douglas Harpool*
                                                 **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**